MENTLIKOWSKI v. WISNIEWSKI.

1. MISTAKE—LEASE—SPECIFIC PERFORMANCE.

Evidence tending to establish a mistake of defendants in executing a lease with option to purchase real property, examined, and *held*, insufficient to overcome the testimony of complainants that the option corresponded with the intent of the parties.

2. SPECIFIC PERFORMANCE — OPTION — LANDLORD AND TENANT — VENDOR AND PURCHASER.

Upon exercising an option to purchase leased premises and notifying the landlord of their intention to take advantage of the proposal contained in the contract of letting, the tenants who continued in possession and paid rent were entitled to have the amount of such rental, subsequently paid, applied on the purchase price, in a suit for specific enforcement.

3. SAME—EQUITY—IMPROVEMENTS.

As to permanent improvements put on the property after the tenants took possession, the landlord should receive the amount of his expenditures in addition to the purchase price; but should not be allowed for improvements necessary to put the premises in habitable condition.

Appeal from Wayne; Donovan, J.   Submitted January 30, 1913.   (Docket No. 82.)   Decided February 18, 1913.

Bill by Joseph Mentlikowski and others against Jacob Wisniewski and another for specific performance of an option to purchase real property.   From a decree for complainants, defendants appeal.   Modified and affirmed.

*August Cyrowski,* for complainants.

*Edmund Atkinson (Frank W. Atkinson,* of counsel), for defendants.

STONE, J.   The bill of complaint in this cause was filed to obtain the specific performance of a contract for the conveyance of certain premises owned by the defendants by the entirety.   On February 1, 1910, the defendants and appellants were the owners of the premises in question, situated at 745 Harper avenue, in the city of Detroit, and fully described in the bill of complaint.   The property consists of two lots and a two-story frame house thereon, which house is used for grocery, saloon, and dwelling purposes.   On the day above named, the defendants leased the premises to the complainants by a written lease at a rental of $30 per month, payable in advance, for the period of three years, from and after the 1st day of May, 1910.   The lease, among other things, contains the following paragraph:

"It is also agreed that said Joseph Mentlikowski and Michilina Mentlikowski, his wife, have the privilege of purchasing said premises during the first year of this lease for the sum of forty-two hundred and fifty ($4,250-.00) dollars, and after the first year, during the term of this lease, they have the privilege of purchasing the premises for the sum of forty-three hundred and fifty ($4,350.00) dollars."

On or about the 28th day of April, 1911, complainants demanded of defendants a deed of said premises, and

offered to perform their part of the agreement. The defendants absolutely refused to convey said premises to complainants, and thereupon the bill of complaint in this cause was filed, praying for specific performance of the above agreement. The defendants answered, claiming that there was a mutual mistake in said lease and agreement, and alleging that defendants intended by such agreement only to give complainants the first chance to buy said premises in case defendants might desire to sell the same, and, claiming the benefit of a cross-bill, prayed that the agreement be reformed in accordance with the intention of the parties. The cause was heard before the trial court upon the testimony of witnesses taken in open court as in a suit at law.

The principal controversy upon the hearing was as to whether there was any mistake in the making of the lease and agreement, and there was some conflict in the testimony upon this subject. The parties are all Polish people, and are not very familiar with the English language. It is uncontroverted that the agreement was written by a countryman and acquaintance of the parties, Basila Lemkie, who wrote the instrument at the request of both parties. This witness testified fully that the parties told him in the Polish language everything which they wanted in the lease, and that he prepared it with care, and read it over and translated it to them. He used this language:

" They told me what they wanted in Polish, and I read it over and translated it back again. In important matters I generally do this."

He testified fully to the effect that the parties both understood the conditions of the lease, and that he not only explained it at their request, but also prepared the instrument in duplicate, giving one draft to the complainants and one to the defendants. An examination of the testimony of the parties shows that some parts of their testimony are inconsistent with their respective claims. We think this is due to the fact of their inability to express

themselves in the English language. While there are some inconsistencies on both sides in the testimony of the witnesses, yet in view of the facts that the contract is very clear and explicit in its terms upon its face, and that it appears to have been drawn by Mr. Lemkie, and fully explained to the parties, we think by a clear preponderance of the evidence there was no mutual mistake, and that the contract should be permitted to stand, and that there should be a substantial specific performance of the same. It appears that the defendants had mortgaged said premises, and that at the time of the hearing there was due for principal and interest upon said mortgage the sum of $2,956.39.

The complainants having elected within the first year to take said premises at the price named, the court decreed specific performance of the contract upon payment to appellants of the sum of $4,250, less the amount of the mortgage. The trial court applied the rent paid subsequently to the commencement of this suit, being for eight months at $30 per month, amounting to $240, on the purchase price. In this we think the trial court committed no error. In their brief defendants seem to misapprehend the facts upon this point, and claim that the court applied on the purchase price the money paid as rent before the time of the exercise of the privilege to purchase. In this we think the defendants are wrong. The decree is explicit in stating that this $240 was paid after the commencement of the suit, and such from the testimony would seem to be the fact.

It is further claimed by the defendants that they have expended upon the property altogether, after complainants went into possession, in repairs and improvements, the sum of $244.66, and they ask to be allowed this sum. An examination shows, however, that $37.25 of this amount was spent in repairs, upon the house and sewer, to render the premises tenantable or habitable, and we think this latter amount should be deducted from the $244.66, leaving the sum of $207.41, which should be allowed to de-

fendants for permanent improvements upon the property by way of pavement and cement sidewalk. We have frequently held that a party is not entitled as a matter of right to specific performance of a contract, and, where the same is prayed for, that complainants should do equity. If the complainants are to obtain these premises, it is only equitable under the circumstances, as shown in this record, that defendants should be recompensed for this outlay of $207.41 for permanent improvement of the premises, and this amount will be decreed to be allowed to said defendants. By the terms of the contract the complainants were to pay in cash the price of $4,250. They should be permitted to have deducted from this sum the amount necessary to release the mortgage upon the premises. We think it equitable that complainants should obtain and tender to the defendants a release of this mortgage and of all liability of the defendants thereunder. We understood at the hearing that complainants were prepared and willing to do this, and we think the decree should so provide.

The decree below will be modified as above indicated, and in all other respects affirmed. The complainants should recover of defendants their costs in the court below to be taxed, but the defendants should be allowed their taxable costs in this court.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, and BIRD, JJ., concurred. OSTRANDER, J., did not sit.